[ECF No. 16]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ERNEST BOCK & SONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**DEAN ENTERPRISES, INC.,**<br><br>Defendant. | Civil No. 22-4739 (RMB/EAP) |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Defendant Dean Enterprises, Inc. seeking leave to file a third-party complaint against non-party ACTS-Retirement Life Communities, Inc.  ECF No. 16.  Plaintiff Ernest Bock & Sons, Inc. filed a memorandum in opposition, ECF No. 19, and Defendant filed a reply brief, ECF No. 20.  The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons that follow, Defendant's motion to file a third-party complaint is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On July 26, 2022, Plaintiff Ernest Bock & Sons, Inc. ("Plaintiff"), a general contractor, filed this action against Defendant Dean Enterprises, Inc., a subcontractor, in relation to a construction project at The Evergreens, a retirement community in Moorestown, New Jersey.  *See* Complaint ("Compl."), ECF No. 1.  ACTS-Retirement Life Communities ("ACTS") is the owner of The Evergreens, which consists of a "complex of buildings."  *Id.* ¶ 5.  ACTS contracted with Plaintiff to demolish portions of The Evergreens' buildings and construct new buildings in their

place. *Id.* ¶ 6. Plaintiff then subcontracted with Defendant to perform demolition work on the "Brown Wing Building" at The Evergreens. *See id.* ¶ 6 and Ex. 1 ("Purchase Order"); Certification of Paul Piantino III, Esq. ("Piantino Decl."), ECF No. 16-1, ¶ 4. Plaintiff alleges that while Defendant was performing demolition work on a footing, it hit a thrust block that was part of a fire suppression water line. Compl. ¶ 9. Consequently, the water line separated and caused water damage to the Brown Wing Building. *Id.* According to the Complaint, Plaintiff incurred costs to remediate the damage caused by the incident. *Id.* ¶¶ 30, 37. Plaintiff further alleges that Defendant did not indemnify Plaintiff despite Defendant's alleged obligation to do so under the Purchase Order between the parties. *Id.* ¶ 28 and Ex. 1. Plaintiff brings claims against Defendant for Breach of Contract (Count I) and Negligence (Count II). *Id.*, Counts I, II; Piantino Certif. ¶ 6.

Defendant denies responsibility for the accident, alleging that it damaged the fire suppression water line because it was a private utility known only to ACTS. Piantino Certif. ¶ 7. More specifically, Defendant alleges that it complied with the Purchase Order by contacting New Jersey One Call to identify underground utilities; neither New Jersey One Call nor any other utility flagged the private water line. *Id.*, Ex. B ("Proposed Third-Party Compl."), ¶¶ 13-14. Defendant also alleges that it "was not contracted to do any 'safe-offs' or 'cut-and-cap' for utility disconnect." *Id.* ¶ 15.

Based on these facts, Defendant filed the present motion seeking leave to file a third-party complaint against ACTS for failing to put the parties on notice of the private fire suppression water line. *Id.* ¶ 12. Defendant's proposed third-party complaint asserts a claim of negligence (Count One); contribution (Count Two); and common law indemnity (Count Three) against ACTS. *See* Piantino Certif., Ex. B.

**DISCUSSION**

**I.     Standard of Review**

Federal Rule of Civil Procedure 14 governs third-party practice.  According to the Rule, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*."  Fed. R. Civ. P. 14(a)(1) (emphasis added).  If the defending party files a third-party complaint more than fourteen days after serving its original answer, the defending party must obtain the court's leave to file a third-party complaint.  *Id.*; *see also XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, No. 18-17210, 2020 WL 967855, at *2 (D.N.J. Feb. 28, 2020).

"The purpose of Rule 14(a) is to avoid circuity of action and multiplicity of litigation."  *Spencer v. Cannon Equip. Co.*, No. 07-2437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009) (citing cases).  Like a motion to amend pursuant to Rule 15(a)(2), a joinder request under Rule 14(a) should be "liberally granted when justice so requires."  *XL Specialty Ins. Co.*, 2020 WL 967855, at *2 (quoting *Ryan v. Collucio*, 183 F.R.D. 420, 423 (D.N.J. 1998)).  Furthermore, the decision to grant leave to file a third-party complaint is within the sound discretion of the court.  *See Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F. 2d 435, 439 (3d Cir. 1971); *see also Spencer*, 2009 WL 1883929, at *4 (quoting *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del. 1990)).

"A third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to defendant."  *F.D.I.C. v. Bathgate*, 27 F. 3d 850, 873 (3d Cir. 1994); *see Meehan v. Bath Auth., LLC*, No. 18-17444, 2021 WL 130483, at *1 (D.N.J. Jan. 14, 2021) ("'A third-party plaintiff's claim must present a theory upon which the third-party defendant can be liable to the

third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law.'" (quoting *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999))); *Wilhelm Reuss GmbH & Co. KG, Lebensmittel Werk v. E. Coast Warehouse & Distrib. Corp.*, No. 16-4370, 2017 WL 6055775, at *2 (D.N.J. Dec. 6, 2017) (noting that impleader "is only proper under R. 14(a) when a right to relief exists under substantive law").

Accordingly, "[c]ourts have stringently followed the rule that a third[-]party complaint may not set forth a claim of the third[-]party defendant's liability to the plaintiff[,]" and a "theory that another party is the correct defendant is not appropriate for a third[-]party complaint." *Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 203 (D.N.J. 1999) (quoting *Toberman v. Copas*, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992)).  Stated differently, "[a] third-party complaint may not set forth a claim that the third[-]party defendant is directly liable to the original plaintiff; it is limited to claims of secondary or derivative liability." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993).

"The standard for assessing the adequacy of claims on motions for leave to file third-party complaints is somewhat murky . . . ." *Millers Cap. Ins., Co. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 223 (D.D.C. 2022).  On a motion for leave to file a third-party complaint, the court should conduct a "preliminary screening" to weed out "obviously unmeritorious" claims. *Id.*; *see* Fed. R. Civ. P. 14 advisory committee's note to 1963 amendment.  Some decisions in the Third Circuit treat a Rule 14 motion under the same standard as a Rule 15 motion to amend. *See, e.g., Ryan v. Collucio*, 183 F.R.D. 420, 423 (D.N.J. 1998).  However, the Third Circuit has noted that "the law generally provides that courts should permit impleader unless 'it will delay or disadvantage the existing

4

action and the third-party claim obviously lacks merit.'"[1] *Wilson v. Beekman*, 198 F. App'x 239, 241 (3d Cir. 2006) (quoting 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed. 1990)).  Accordingly, the Court assesses the sufficiency of Defendant's proposed third-party claims under this "obviously unmeritorious" standard.

## II. Meritoriousness of Dean Enterprises' Third-Party Claims

### A. Count One: Negligence

Among other things, impleader is proper under Rule 14 when "the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. at 1496.  When recognized by a state's substantive law, third-party claims for contribution and/or indemnification are properly brought under Rule 14.  *See id.*  It follows that "[a] third-party complaint may not set forth a claim that the third[-]party defendant is directly liable to the original plaintiff; it is limited to claims of secondary or derivative liability." *Id*.

In the proposed third-party complaint, Defendant asserts a claim of negligence against ACTS, alleging that ACTS was "the sole entity with knowledge of any private, latent, underground utilities," which gave it the "duty to take reasonable steps to disclose the existence of said utilities." Piantino Certif., Ex. B, Proposed Third-Party Compl. ¶¶ 21, 22.  Defendant is not alleging that ACTS is liable to Defendant for its own liability to Plaintiff; instead, Defendant is alleging that ACTS was solely liable and as such, it is the wrong defendant.  "'A theory that another party is the correct defendant is not appropriate for a third[-]party complaint.'"  *Slater*, 187 F.R.D. at 203. Unlike Defendant's contribution and common law indemnity claims discussed *infra*, its negligence

---

[1] The Court notes that Defendant's motion for leave to file a third-party complaint was timely filed pursuant to the applicable scheduling order and thus, delay is not an issue on this motion.  *See* Scheduling Order, ECF No. 14, ¶ 6.

claim against ACTS is not a secondary or derivative claim, which is improper under Rule 14. But that is not the end of the analysis.

While Defendant's negligence claim may not be brought under Rule 14, it may be joined under Federal Rule of Civil Procedure 18 if ACTS is properly added as a third-party defendant. *See Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 70 (3d Cir. 1971). When Rule 18 is read in conjunction with Rule 14, Rule 18 permits a third-party plaintiff to assert an additional "affirmative claim for damages" against a third-party defendant. *Id*. at 71. "Thus, once a third-party defendant is properly impleaded under Rule 14(a), the third-part[y] plaintiff is permitted to bring additional, independent claims for damages against the third-party defendant pursuant to Rule 18." *LaBar Vill. Cmty. Ass'n, Inc. v. Rodrigues*, No. 08-1010, 2009 WL 10685609, at *4 (M.D. Pa. Mar. 3, 2009) (citing cases). However, an additional claim for damages must arise out of the same transaction, occurrence, or series of events as the original complaint. *Id*. (citations omitted). Here, Defendant's negligence claim arises out of the same series of events—the demolition of the facility and the disruption of the water line. *See* Proposed Third-Party Compl. ¶¶ 22-23.

In summary, while Defendant cannot exclusively bring a negligence claim for damages against ACTS in a third-party complaint filed pursuant to Rule 14, it can assert that claim as an additional affirmative claim under Rule 18 if ACTS is brought in as a third-party defendant under another proper derivative claim. Thus, the Court's assessment of whether Defendant's contribution and indemnification claims are sufficiently derivative will determine Defendant's ability to bring its negligence claim under Rule 18. The Court will now address the meritoriousness of Defendant's additional claims.

B.  Count Two: Contribution

In Count Two of the proposed third-party complaint, Defendant seeks contribution from ACTS under the New Jersey Comparative Negligence Act ("CNA"), N.J.S.A. 2A:15-5.1 to -5.8. The CNA specifies how much a prevailing party may recover based on the liable party's responsibility. N.J.S.A. 2A:15-5.3. A prevailing party may recover "[t]he full amount of the damages from any party determined by the trier of fact to be 60% or more responsible for the total damages" or "[o]nly that percentage of the damages directly attributable to that party's negligence or fault from any party determined by the trier of fact to be less than 60% responsible for the total damages." *Id*. The New Jersey Joint Tortfeasors Contribution Law ("JTCL"), N.J.S.A. 2A:53A-1 to -5, provides for the apportionment of damages by distributing the loss in proportion to the parties' respective faults. The JTCL provides that a joint tortfeasor is "entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share[.]" N.J.S.A. 2A:53A-3. The JTCL defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." N.J.S.A. 2A:53A-1.

"Being procedural in nature, Rule 14 does not itself create a right of contribution or indemnity[;] therefore, [a] third-party plaintiff's right to relief must be cognizable under these statutes." *Chao v. N.J. Licensed Beverage Ass'n, Inc.*, 461 F. Supp. 2d 303, 307 (D.N.J. 2006). Applied together, the CNA and JTCL "comprise the statutory framework for the allocation of fault when multiple parties are alleged to have contributed to the plaintiff's harm." *Town of Kearny v. Brandt*, 214 N.J. 76, 96 (2013). "The test's core proposition may be stated succinctly: It is common liability at the time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right." *Cherry Hill Manor Assocs. v. Paul Faugno, Rogan & Faugno,*

7

*Harleysville Ins. Co. of N.J.*, 182 N.J. 64, 72 (2004) (quotation omitted).

The Court finds that Defendant's proposed contribution claim, as pled, passes the meritoriousness threshold. Defendant's third-party complaint states that it will seek contribution if "it is determined that Dean Enterprises was negligent," which is a properly pled derivative claim under Rule 14. *See* Proposed Third-Party Compl. ¶ 25. Defendant's contribution claim involves the "same injury to person or property," *see* N.J.S.A. 2A:53A-1, as Plaintiff's claim against Defendant. In addition, the Court finds that Defendant has sufficiently alleged that ACTS and Defendant had common liability at the time Plaintiff's claim accrued because, according to the proposed pleading, they both arguably had been negligent in causing the water line to be struck. *See* Proposed Third-Party Compl. ¶¶ 10-18. Finally, the Court finds that Defendant and ACTS may qualify joint tortfeasors, which allows Defendant to assert a contribution claim.

Plaintiff does not argue that Defendant's contribution claim violates the CNA or the JTCL. Instead, Plaintiff argues that the terms of its contract with ACTS and the Purchase Order with Defendant make Defendant solely liable, and thus, Defendant's proposed claim against ACTS lacks merit. *See* Plaintiff's Memorandum of Law in Opposition ("Pl.'s Mem."), ECF No. 19-1 at 2. Plaintiff contends that the Purchase Order required Defendant to comply with all contract documents and specifications. *See id.* Further, Plaintiff contends that the specifications indicate that ACTS does not guarantee that current conditions match the project record documents. *See id.* Also, the specifications require Defendant to verify that utilities have been disconnected and capped before starting demolition. *See id.* However, these arguments go to the merits of Plaintiff's claims—not whether Defendant's contribution claim has been adequately pled as a legally cognizable claim. For example, if Defendant had no way of knowing where the thrust block was located without ACTS's assistance, and if ACTS knew the location but failed to disclose it, then

it is conceivable that ACTS could have some share of the liability.

Plaintiff further argues that ACTS cannot be a third-party defendant because "[Defendant] does not allege that ACTS contracted with [Defendant] . . . ." Pl.'s Mem. at 3. However, the Court rejects this privity argument because a contractual relationship is not always necessary to sustain a contribution claim.

In *Chao v. New Jersey Licensed Beverage Association, Inc.*, the plaintiffs brought an ERISA action against a plan administrator for the collapse of a benefit plan. 461 F. Supp. 2d at 305. The plan administrator then filed a third-party complaint against a third-party administrator, Horizon. *Id*. at 305-06. Horizon moved to dismiss the third-party complaint against it, arguing, among other things, that it could not be liable for contribution because it was not a fiduciary or in a contractual agreement with the plan administrator. *Id*. at 306. However, the court found that fact irrelevant because the plan administrator sought contribution from Horizon "as a joint tortfeasor" under the JTCL and not under a direct breach of contract theory. *Id*. at 308. The court denied Horizon's motion to dismiss the third-party complaint. *Id*. As in *Chao*, the Court finds that a purported lack of privity does not bar Defendant's claim for contribution.

Plaintiff also argues that the New Jersey Underground Facility Protection Act ("UFPA") makes Defendant solely liable. The UFPA provides that "[a]n excavator that damages an underground facility . . . shall be liable for any costs, labor, parts, equipment and personnel downtime, incurred by the underground facilities operator that owns or controls the damaged underground facility." N.J.S.A. 48:2-80. The New Jersey Supreme Court has explained that "principles of common-law negligence underlie this statutory cause of action." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 596 (2013) (per curiam). Indeed, the statute requires excavators to "[u]se *reasonable care* during excavation or demolition." N.J.S.A. 48:2-82

(emphasis added).  Against this backdrop, the Court finds that the UFPA does not displace the general rule of contribution or exclude the possibility of joint tortfeasors.

The Court grants Defendant leave to file its third-party claim for contribution (Count Two) against ACTS.  Leave is warranted because, per the proposed pleading, ACTS could conceivably be a joint tortfeasor under the JTCL.  The Court finds that whether Defendant and ACTS had a contractual relationship is irrelevant to the meritoriousness of Defendant's contribution claim.  And the Court rejects Plaintiff's UFPA argument because that statute does not clearly make Defendant solely liable for Plaintiff's damages.  Lastly, because Defendant's derivative claim for contribution is a proper third-party claim against ACTS, the Court grants Defendant leave to join its third-party claim for negligence (Count One) against ACTS under Rule 18.

      C.     <u>Count Three: Common Law Indemnity</u>

"New Jersey's common law of indemnification is 'context-sensitive.'" *Premier Health Assocs., LLC v. Med. Tech. Sols.*, No. 17-331, 2019 WL 1466192, at *3 (D.N.J. Apr. 3, 2019).  The general rule is that "[i]ndemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." *Borough of Edgewater v. Waterside Constr., LLC*, No. 14-5060, 2021 WL 4059850, at *11 (D.N.J. Sept. 3, 2021) (quoting *Fireman's Fund Ins. Co. v. 360 Steel Erectors, Inc.*, No. 16-2782, 2018 WL 1069417, at *4 (D.N.J. Feb. 26, 2018)).  "Examples of the special relationship that will support a third[-]party's claim for indemnification include that of principal and agent; bailor and bailee; and lessor and lessee." *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 103 N.J. 177, 189 (1986) (internal citations omitted); *see, e.g.*, *Katz v. Holzberg*, No. 13-1726, 2013 WL 5946502, at *3 (D.N.J. Nov. 4, 2013) ("Indeed, implied indemnification by way of a special relationship is a narrow doctrine that is not

frequently stretched beyond the examples of principal-agent, employer-employee, lessor-lessee, and bailor-bailee." (quotation omitted)).

Here, Defendant offers no basis for asserting an indemnification claim. Defendant does not allege that ACTS has a contractual obligation to indemnify it. Indeed, the proposed third-party complaint contains no indication that Defendant and ACTS had any direct contractual relationship.[2] Nor does Defendant allege any special relationship between itself and ACTS. Defendant arguably may be Plaintiff's agent, but not an agent of ACTS. None of the other special relationship categories has any apparent significance either. Therefore, the Court denies Defendant leave to file a third-party claim for indemnity against ACTS because as pled, the claim lacks a meritorious basis.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for leave to file a third-party complaint is **GRANTED IN PART AND DENIED IN PART**. An appropriate Order follows.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:   Hon. Renée M. Bumb, U.S.D.J.

---

[2] Also, the project specifications do not mention indemnification. *See* Pl.'s Mem., Ex. A.

11